# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

MICHAEL JOHN ROBERT                                                  PLAINTIFF

**v.**                                                               **CIVIL ACTION NO. 4:19-CV-P110-JHM**

DAVIESS COUNTY DETENTION CENTER                           DEFENDANT

## MEMORANDUM OPINION

This is a *pro se* civil-rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint under 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss this action.

## I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Daviess County Detention Center (DCDC). He names the DCDC as Defendant. In the portion of the § 1983 complaint form in which to provide a statement of his claims, Plaintiff writes:

> -living conditions, unsanitary conditions, fire hazard, see violations below:
> -47 inmates in 18 man cell
> -no soap dispensers in restroom
> -2 toilets, 2 showers (no urinals) for 47 men
> -health hazards
> -eating on floor due to inmates not able to eat at table.
> -No HIV test upon request (denied)

As relief, Plaintiff seeks "$300.00 daily (from date of incarceration)" and to be released from custody.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of

the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

The Eighth Amendment's protection against cruel and unusual punishment extends to pretrial detainees through the Fourteenth Amendment's Due Process Clause, *see Whitley v. Albers*, 475 U.S. 312, 327 (1986), and thus claims by pretrial detainees challenging conditions of confinement are analyzed under the Eighth Amendment. *See Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994).

"[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). "Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To succeed on such a claim, a plaintiff must show that the condition is, objectively, "sufficiently serious," and the prison official, subjectively, had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. Moreover, the Sixth Circuit has held that "overcrowding is not, in itself, a constitutional violation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012). Rather, to support a viable prison-overcrowding claim, an inmate must allege that the overcrowding results in "an unconstitutional denial of such basic needs as food, shelter, or sanitation." *Id*. (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Rhodes v. Chapman*, 452 U.S. 336, 345-48 (1981).

Several courts have considered allegations similar to Plaintiff's and held that they do not meet this high constitutional bar. *See, e.g.*, *Agramonte*, 491 F. App'x at 559-60 (holding allegations that the number of toilets, showers, wash basins, and showers had not increased with the increased population, and that there were lines to use the bathrooms and showers, failed to state an overcrowding claim because plaintiff failed to allege an unconstitutional denial of basic needs); *Bakke v. Clark Cty. Jail*, No. 3:15-CV-05713-BHS, 2015 WL 6032508, at *3 (W.D. Wash. Oct. 15, 2015) ("Plaintiff fails to allege any specific facts showing how the overcrowding reached a level unfit for human habitation or how it resulted in an unconstitutional condition."); *Keeling v. Louisville Metro Corr. Dep't*, No. 314-CV-P697-DJH, 2015 WL 3457847, at *3 (W.D. Ky. May 29, 2015) (finding plaintiff's allegations that the cell pods are crowded and that there was fighting over toiletries, soap, seating, and beds do not constitute deprivations of the minimal civilized measure of life's necessities and, therefore, failed to state a claim upon which relief may be granted).

Additionally, as to Plaintiff's broad claim of "No HIV test upon request," he does not allege facts indicating that anyone acted unconstitutionally by refusing to conduct such testing. Further, "the actual text of the Constitution does not guarantee a right to on-demand HIV testing." *Doe v. Wigginton*, 21 F.3d 733, 740 (6th Cir. 1994); *Skipper v. Lott*, No. 1:08CV170-01-MU, 2008 WL 1848656, at *1 (W.D.N.C. Apr. 25, 2008) ("Inmates do not have a blanket constitutional right to be tested for HIV or TB.").

Moreover, the Sixth Circuit has repeatedly held that Eighth Amendment claims for monetary relief based on mental or emotional injury are precluded by 42 U.S.C. § 1997e(e) absent a showing of physical injury. *See, e.g.*, *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir.

4

2010); *Jackson v. Herrington*, 393 F. App'x 348, 354 (6th Cir. 2010); *Harden-Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir. 2008).

For these reasons, the Court concludes that the complaint fails to state a claim upon which relief may be granted.

The Court will enter a separate Order dismissing this action.

Date: February 24, 2020

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
 Daviess County Attorney
4414.005